UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KENNETH BERNARD RODGERS,**

   Plaintiff,

v.                                               No. 4:23-cv-00429-P

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

   Defendant.

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR"), recommending that the Court affirm the Commissioner's decision denying Plaintiff's claim for disability insurance benefits ("DIB"). ECF No. 22. After reviewing the FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 22), and **OVERRULES** Plaintiff's Objections (ECF No. 23).

## BACKGROUND

Plaintiff suffers from multiple severe impairments: diabetes mellitus with neuropathy, coronary artery disease, degenerative disc disease of the lumbar spine, and right carpal tunnel syndrome. Plaintiff filed his DIB application in January 2021, alleging that his disability began in December 2020. The Commissioner of Social Security denied Plaintiff's application initially and again upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act, and the Appeals Council denied Plaintiff's request for review. After exhausting his administrative remedies, Plaintiff filed this action seeking judicial review of the final decision pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g). The Magistrate Judge issued its FCR and Plaintiff timely objected.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by "substantial evidence" in the record as a whole. *Leggett v. Chafer*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if "no credible evidentiary choices or medical findings support the decision." *Id.*[1] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id*. An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ. *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009). This Court may neither reweigh the evidence in the record, nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if substantial evidence is present. *Newsom v. Apfel,* 209 F.3d 413, 417 (5th Cir. 2000); Hollis, 837 F.2d at 1383.

## ANALYSIS

---

[1] Four elements of proof are weighed in determining whether substantial evidence exists: 1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) claimant's subjective evidence of pain and disability; and 4) claimant's age, education, and work history. *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

2

### A. The Magistrate Judge's Recommendation

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR. The Court now reviews Plaintiff's objections.

### B. Plaintiff's Objections

Plaintiff objects to a litany of the Magistrate Judge's findings, chiefly that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence and that the ALJ had complete information. *See generally* ECF No. 23. The RFC is a measure of a claimant's residual capacity to perform work-related functions. Specifically, Plaintiff argues that the ALJ failed consider that he was still in the process of undergoing tests to determine the severity of his condition at the time the ALJ made its findings and that this additional evidence warranted remand. *See id.* The Court will address each of Rodgers's objections in turn below.

   1. <u>Rodgers objects to the finding that he failed to demonstrate good cause and that he failed to show how new evidence was material.</u>

A court may remand a case to the Commissioner for the taking of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. 405(g). Thus, to necessitate remand, additional evidence must be: (1) new; (2) material; and (3) the claimant must show good cause for not incorporating such evidence during the administrative proceedings. *See id.*; *see also Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989).

Here, Rodgers submitted his request for review to the Appeals Council on March 9, 2023. ECF No. 10-1 at 211–213. On March 15, 2023, the Appeals Council stated that it sent Rodgers a letter, informing him that he could submit additional evidence. ECF No. 10-1 at 12–13. Accordingly, the Appeals Council would not act for twenty-five more days. *Id.* Of the additional evidence Rodgers submitted, the latest dated item is a March 1, 2023 cardiac RFC questionnaire. ECF 1 at 21-23. This document was conceived fourteen days prior to Rodgers' request for review and roughly forty days before the Appeals Council's new evidence

3

deadline. ECF No. 10-1 at 12–13. This was ample time. Since Rodgers had roughly forty days to submit this RFC questionnaire to the Appeals Council—not to mention even more time for any older documents he might possess—the Court finds that Rodgers and his representative had more than sufficient time to prepare their submission. The ALJ is only responsible for reviewing the record presented to him, and, thus, has not committed a reversable error by failing to consider documents that were not presented to him.

Therefore, the Court finds that the ALJ's RFC determination is supported by substantial evidence. Accordingly, Rodgers has failed to demonstrate good cause for these documents not being provided to the Appeals Council and for why they are material, and his objections are **OVERRULED**.

2. <u>Rodgers objects to the finding that the interrogatories were properly certified to the record.</u>

Next, Rodgers objects to the Magistrate's finding that the ALJ properly developed the record. ECF No. 23 at 8–9. He claims the ALJ erred by not obtaining completed interrogatories from the vocational expert ("VE") and by failing to send the completed interrogatories to his representative prior to the ALJ hearing. *Id.* In response, the Commissioner stated in his briefing that the ALJ obtained completed interrogatories and that they are in the record. ECF No. 20 at 6. Further, the Commissioner maintains that Rodgers and his representative were sent proffer letters informing them of how to access the records electronically and that the representative could submit written objections and questions regarding the VE's testimony, and that Rodgers simply failed to do so. *Id.*

Looking at Rodgers's first point, a cursory review of the record in this case shows the ALJ did in fact obtain completed interrogatories from the VE and that they are part of the record. ECF No. 18-1 at 2–8. Second, this same review of the record also reveals that the ALJ did in fact send the proffer letter to Rodgers and his representative that they claimed in their briefing and as found by the Magistrate. ECF No. 10-1 at 462–465. It is worth noting that Rodgers even admits that he and his

4

representative received the letter but states that his representative was never mailed a copy of the completed interrogatories. ECF No. 15 at 4. The ALJ's proffer letter provides, inter alia, instructions on how to log into the electronic record to view the completed interrogatories. ECF No. 10-1 at 462–465.

Therefore, the Court agrees with the Magistrate Judge's findings that the ALJ obtained the completed interrogatories and that he provided Rodgers with access to them. Accordingly, Rodgers's objection is **OVERULLED**.

3. Rodgers objects to "mistakes in the plaintiff's brief".

Rodgers objects to the Magistrate Judge's acknowledgement that there were "mistakes in original" briefing in the FCR. ECF No. 23 at 9. It is the Court's understanding that the "mistakes" the FCR is referring to are grammatical and typographical, not substantive in nature. For this reason, the objection is **OVERRULED**.

4. Rodgers objects to the binding nature of *Muse v. Sullivan.*

Next, Rodgers objects that *Muse v. Sullivan* is not binding and this court "is not bound by the decisions that the 5th circuit in 1991 has made and it is not binding on this case at bar". ECF No. 23 at 11.

A review of *Muse* shows that it is still binding law in the Fifth Circuit and thus binding on this Court. 925 F.2d 785. The Court is unaware of any cases in the Fifth Circuit or from the Supreme Court that overrule *Muse* and thus must apply it here. Accordingly, Rodgers's objection is **OVERULLED**.

5. Rodgers objects to the Magistrate Judge's agreement with the ALJ that he is not entitled to benefits and the Magistrate's conclusions of law.

Lastly, Rodgers objects to the Magistrate Judge's finding he is not entitled to benefits. ECF No. 23 at 12–13. This is a conclusory objection that is not supported by any facts. Instead, Rodgers recites arguments he made in previous objections regarding the sufficiency of evidence that have been ruled upon earlier in this memorandum opinion. *Id; see supra.* An award of benefits is only proper when the record conclusively

5

establishes entitlement to benefits. *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990). That is not the case here.

Accordingly, the Court **OVERRULES** Rodgers's objection to the Magistrate's finding and conclusions of law that he is not entitled to benefits.

## CONCLUSION

After reviewing the FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 22), and **OVERRULES** Plaintiffs' Objection (ECF No. 23). Plaintiff's claims are thus **DISMISSED with prejudice.**

**SO ORDERED** on this **4th day of March 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE